UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

TOMMIE LEE BOGGS,                       )   No. EDCV 13-1599 FFM
                                        )
                   Plaintiff,           )   MEMORANDUM DECISION AND
                                        )   ORDER
          v.                            )
                                        )
CAROLYN W. COLVIN, Acting               )
Commissioner of Social Security,        )
                                        )
                   Defendant.           )
_____)

     Plaintiff brings this action seeking to overturn the decision of the Commissioner of the Social Security Administration denying his applications for Social Security Disability Insurance and Supplemental Security Income benefits.  The parties consented, pursuant to 28 U.S.C. § 636(c), to the jurisdiction of the undersigned United States Magistrate Judge.  Pursuant to the September 17, 2013 Case Management Order, on September 3, 2014, the parties filed a Joint Stipulation ("JS") detailing each party's arguments and authorities.  The Court has reviewed the JS and the administrative record ("AR"), filed by defendant on March 13, 2014.  For the reasons stated below, the decision of the Commissioner is reversed and the matter is remanded for further proceedings.

/ / /

/ / /

/ / /

## PROCEDURAL HISTORY

On October 14, 2010, plaintiff applied for Social Security Disability Insurance and Supplemental Security Income benefits.  The applications were denied initially and upon reconsideration.  Plaintiff requested a hearing before an administrative law judge ("ALJ").  ALJ Joseph Schloss held a hearing on June 6, 2012.  Plaintiff appeared with counsel and testified at the hearing.  On June 13, 2012, the ALJ issued a decision denying benefits.  Plaintiff sought review of the decision before the Social Security Administration Appeals Council.  The Council denied the request for review on July 23, 2013.

Plaintiff filed the complaint herein on September 12, 2013.


## ISSUES

Plaintiff raises a single issue:

1.    Whether the ALJ properly considered plaintiff's subjective complaints.
(JS 3.)


## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied.  *DeLorme v. Sullivan*, 924 F.2d 841, 846 (9th Cir. 1991).  Substantial evidence means "more than a mere scintilla" but less than a preponderance.  *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971); *Desrosiers v. Secretary of Health & Human Servs.*, 846 F.2d 573, 575-76 (9th Cir. 1988).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson*, 402 U.S. at 401.  This Court must review the record as a whole and consider adverse as well as supporting evidence.  *Green v. Heckler*, 803 F.2d 528, 929-30 (9th Cir. 1986).  Where

/ / /

1  evidence is susceptible to more than one rational interpretation, the Commissioner's

2  decision must be upheld.  *Gallant v. Heckler*, 753 F.2d 1450, 1452 (9th Cir. 1984).

3

4  **DISCUSSION**

5  A.  <u>Background</u>.

6  The ALJ found that plaintiff had the severe impairments of tendinitis in the left

7  arm and hypertension.  (AR 11.)  Plaintiff has not objected to this finding.  The ALJ

8  further adopted a residual functional capacity that took into account the limitations posed

9  by these severe impairments.  However, plaintiff testified as to allegedly disabling pain,

10  apparently from neck and back problems.  Plaintiff contends that the ALJ failed to

11  provide legally sufficient reasons for rejecting his testimony as to this pain.  The Court

12  finds that remand is warranted.

13  B.  <u>Analysis</u>.

14  Once a claimant produces medical evidence of an underlying impairment that is

15  reasonably likely to cause the alleged symptoms, medical findings are not required to

16  support their alleged severity.  *Bunnell*, 947 F.2d at 345.  However, an ALJ may reject a

17  claimant's allegations upon:  (1) finding evidence of malingering; or (2) providing clear

18  and convincing reasons for so doing.  *Benton v. Barnhart*, 331 F.3d 1030, 1040 (9th Cir.

19  2003).

20  In the absence of evidence of malingering, an ALJ may consider, *inter alia*, the

21  following factors in weighing the claimant's credibility:  (1) inconsistencies either in the

22  claimant's testimony or between the claimant's testimony and his conduct; (2) his daily

23  activities; and (3) testimony from physicians and third parties concerning the nature,

24  severity, and effect of the symptoms of which he complains.  *Thomas v. Barnhart*, 278

25  F.3d 947, 958-59 (9th Cir. 2002); *see also* 20 C.F.R. § 404.1529(c); Social Security

26  Ruling ("SSR") 96-7p, 1996 WL 374186.  The ALJ may also use "ordinary techniques

27  of credibility evaluation."  *Thomas*, 278 F.3d at 960.  The ALJ's credibility

28  determination is entitled to deference if his reasoning is supported by substantial

evidence in the record and is "sufficiently specific to allow a reviewing court to conclude the adjudicator rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit a claimant's testimony . . . ." *Bunnell*, 947 F.2d at 345 (internal quotation marks omitted).

Apparently, the medical records did not substantiate any neck or back problems. However, the ALJ based his rejection of the testimony, among other things, on his finding that the medical records did not support the *degree* of the pain asserted by plaintiff, rather than on the failure to substantiate the problem at all.  (AR 13.) Therefore, the Court will analyze the ALJ's decision as if the medically determinable impairments could reasonable be expected to cause some of the alleged symptoms.

In sum, the ALJ relied on the following reasons for discounting plaintiff's pain testimony:

(1) Plaintiff minimized his daily activities;[1]

(2) Plaintiff's medical record showed infrequent trips to the doctor;

(3) Plaintiff only received routine, conservative treatment;

(4) Plaintiff exhibited no muscle atrophy on examination; and

(5) Although plaintiff claimed that he could not afford more medical treatment, he made no attempt to show that he had tried to visit any low cost or no cost medical clinics.  (AR 13-14.)

Plaintiff contends that it was improper for the ALJ to rely on the medical record to discount his testimony.  However, although lack of objective medical support is insufficient, in itself, to serve as a basis for rejecting a claimant's subjective symptoms, *Light v. Social Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997), weak objective support

---

[1]  The ALJ pointed out that although plaintiff claimed that he was unable to do anything and his wife was required to do everything for him, plaintiff admitted to performing some activities, such as caring for his own personal hygiene and driving. (AR 13.)  The ALJ also found that the lack of medical evidence supporting the extreme limitations asserted by plaintiff suggested that plaintiff was exaggerating his symptoms.  (*Id*.)

does undermine subjective complaints of disabling symptoms. *See Tidwell v. Apfel*, 161 F.3d 599, 601-02 (9th Cir. 1998); *Regennitter v. Commissioner of Soc. Sec. Admin.*, 166 F.3d 1294, 1297 (9th Cir. 1999). To the extent the ALJ relied on other legitimate factors to discount plaintiff's testimony, the medical evidence may be used to further support the ALJ's decision.

Plaintiff also contends that the ALJ failed to review all the medical evidence, so any finding based on the medical records reviewed is suspect. This contention relates to Exhibits F17 and F18, which apparently were faxed to the ALJ on the day of the hearing, June 6, 2012.[2] (*See* AR 298.) These exhibits show more or less monthly medical visits from August 2010 to May 2012 for pain medication. At the hearing, the ALJ identified and received exhibits 1A through 4A; 1B through 18B; 1D through 7D; 1E through 12E; and 1F through 16F. Neither the ALJ nor plaintiff's counsel mentioned Exhibits F17 and F18 (which together comprised 53 pages). In his decision, the ALJ did not analyze or, indeed, even mention Exhibits F17 and F18. Those exhibits directly refute the ALJ's rationale that plaintiff had infrequent visits to the doctor and had failed to show that he had not availed himself of opportunities to see a no-cost or low-cost doctor. It appears that the ALJ simply overlooked (and perhaps was not even aware of) the additional exhibits. Those exhibits appear to be material in that they document numerous additional office visits during the relevant time and demonstrate the filling of prescriptions for pain medication. Moreover, it cannot be known whether the ALJ's impression of plaintiff's credibility would have been different had the ALJ considered these additional medical records. Therefore, remand is required for the ALJ to address Exhibits F17 and F18 and to re-evaluate plaintiff's credibility.

---

[2] Although the fax cover sheet specifies June 6, 2012 as the date of transmission, the header on the faxed copies states June 5, 2012 at 9:18 a.m. The record contains nothing demonstrating which date is correct.

# ORDER

For the foregoing reasons, the decision of the Commissioner is reversed and the matter is remanded for further proceedings.

IT IS SO ORDERED.


DATED:  December 9, 2014



/S/ FREDERICK F. MUMM
FREDERICK F. MUMM
United States Magistrate Judge